IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00147-CMA-KLM

MARC A. KURTZ,

    Plaintiff,

v.

STATE OF NEW JERSEY DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT DIVISION OF WORKERS COMPENSATION,
STATE OF NEW JERSEY OFFICE OF SPECIAL COMPENSATIONS FUNDS (SECOND INJURY FUND),
HAROLD WURTHS, New Jersey Department of Labor and Workforce Development Commissioner,
JEFFREY CHIESA, New Jersey Attorney General,
PETER CALDERONE, Director and Chief Judge, and
BRADLEY HENSON, SR., Supervising Judge,

    Defendants.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's "Motion to Clarify and Adjust Minute Order"** [Docket No. 14; Filed March 5, 2012] ("Motion to Clarify") and **"Motion to Compel Representation and Intervention"** [Docket No. 15; Filed March 2, 2012] ("Motion to Compel").  Defendants State of New Jersey Department of Labor and Workforce Development Division of Workers Compensation, State of New Jersey Office of Special Compensations Funds (Second Injury Fund), and New Jersey Attorney General Jeffrey Chiesa filed Responses on March 5, 2012 [#18] and March 6, 2012 [#20].

    IT IS HEREBY **ORDERED** that the Motion to Compel [#15] is **DENIED**.  The Court construes the Motion to Compel as requesting discovery related to the representation of Defendants State of New Jersey Department of Labor and Workforce Development Division of Workers Compensation, State of New Jersey Office of Special Compensations Funds (Second Injury Fund), and New Jersey Attorney General Jeffrey Chiesa by the Colorado Attorney General's office.  Pursuant to Fed. R. Civ. P. 26(d)(1), discovery is not permitted before the Rule 26(f) conference, absent circumstances that are not present here.  A Scheduling Conference is set in this matter for May 3, 2012.

IT IS FURTHER ORDERED that the Motion to Clarify [#14] is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff asks the Court to amend its Minute Order issued March 1, 2012 [#13] to reflect that all six defendants have been served, and Mr. Haines, counsel for Defendants State of New Jersey Department of Labor and Workforce Development Division of Workers Compensation, State of New Jersey Office of Special Compensations Funds (Second Injury Fund), and New Jersey Attorney General Jeffrey Chiesa, has entered his appearance on behalf of Defendants Wurth, Calderone, and Henson as well.  The Motion to Clarify is granted to the extent that the Court will clarify the status of service in this case, and denied in all other respects.

Plaintiff is incorrect in his contention that he has sued "the state of New Jersey" only.  Pursuant to the text of Plaintiff's Complaint [#1], which is the operative pleading, Plaintiff has sued the State of New Jersey Department of Labor and Workforce Development Division of Workers Compensation; the State of New Jersey Office of Special Compensation Funds (Second Injury Fund); Harold Wurths, who is the alleged Commissioner for the State of New Jersey Department of Labor and Workforce Development; Jeffrey Chiesa, who is the Attorney General for the State of New Jersey; Peter Calderone, who is the alleged Director and Chief Judge of the Division of Works Compensation (presumably for the State of New Jersey); and Bradley Henson Sr., who is the alleged Supervising Judge of the Division of Works Compensation (also presumably for the State of New Jersey).  [#1] at 4-5.  Plaintiff has not designated whether he sues the individual defendants in their individual or official capacities; however, he has requested money damages as relief, which leads the Court to believe he is suing the individual defendants in their individual capacities.  *See Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) (citation omitted) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief.").  As such, Plaintiff may not rely on the method of service appropriate for suit against a state, *see* Fed. R. Civ. P. 4(j)(2); he must serve the individual defendants as prescribed by Fed. R. Civ. P. 4(e).  *See Kriston v. Peroulis*, No. 09-cv-00909-MSK-MEH, 2010 WL 1268087, at *4 (D. Colo. Mar. 29, 2010) (if a state official is sued in his individual capacity, "he must be served as an individual under Fed. R. Civ. P. 4(e) . . . .").  Thus, in light of the operative pleading, service on the State of New Jersey via the New Jersey Attorney General is insufficient for service on the three remaining unserved defendants, Defendants Wurths, Calderone, and Henson.

The Court notes that Mr. Haines' entry of appearance clearly states that he enters his appearance on behalf of the "State of New Jersey Department of Labor and Workforce Development Division of Workers Compensation, State of New Jersey Office of Special Compensations Funds (Second Injury Fund), and New Jersey Attorney General Jeffrey Chiesa." [#12].  The entry of appearance makes no mention of Defendants Wurths, Calderone, or Henson.  *See also Resp.*, [#20].

To the extent that Plaintiff wishes to seek permission to file an Amended Complaint to clarify who he is suing, he shall do so compliant with the Federal and Local Rules on or before **April 2, 2012**.

Dated:  March 6, 2012