IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00147-CMA-KLM

MARC A. KURTZ,

    Plaintiff,

v.

STATE OF NEW JERSEY DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT DIVISION OF WORKERS COMPENSATION,
STATE OF NEW JERSEY OFFICE OF SPECIAL COMPENSATIONS FUNDS (SECOND INJURY FUND),
PETER CALDERONE, Director and Chief Judge, and
BRADLEY HENSON, SR., Supervising Judge,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants' Motion to Dismiss Amended Complaint** [Docket No. 33; Filed March 27, 2012] (the "Motion"). The Motion is referred to this Court for recommendation [#34]. Plaintiff has not timely filed a Response to the Motion. The Court has reviewed the Motion, the case file, and the applicable law, and is sufficiently advised in the premises. For the reasons stated below, the Court respectfully **RECOMMENDS** that Defendants' Motion be **GRANTED**, and Plaintiff's Amended Complaint be dismissed without prejudice in part and with prejudice in part.

### I. Summary of the Case

Plaintiff initiated this lawsuit *pro se* on January 19, 2012, pursuant to 42 U.S.C. §§ 1981 and 1983. *See* [#1]. Plaintiff submitted an Amended Complaint on March 19, 2012,

which the Court accepted and entered as filed.  *See* [## 29, 30].  Plaintiff brings five claims for relief against two agencies of the State of New Jersey, Chief Judge Peter Calderone, and Supervising Judge Bradley Henson Sr. (both judges preside over workers' compensation proceedings for the State of New Jersey).  *See* [#30].  Plaintiff believes that Defendants violated his federal constitutional rights through their conduct while presiding over his workers' compensation claims.  *See id.* at 2, 5.  Plaintiff seeks compensatory and punitive damages as relief.  *Id.* at 13-14.

Defendants responded to the Amended Complaint with the instant Motion.  [#33]. Defendants ask the Court to dismiss the Amended Complaint for lack of personal jurisdiction over the Defendants and pursuant to Eleventh Amendment and judicial immunity.  *Id.* at 2.  Defendants further ask the Court to dismiss Plaintiff's request for monetary damages as barred by the *Rooker-Feldman* doctrine, and to abstain from hearing Plaintiff's claims pursuant to the *Younger* abstention doctrine.  *Id.*

On March 27, 2012, the Court ordered Plaintiff to respond to the Motion on or before April 23, 2012.  [#35].  Plaintiff did not file a Response, but instead submitted a Motion to Strike on April 24, 2012.  [#36].  In a Minute Order issued on the same date, the Court denied the Motion to Strike and *sua sponte* extended the time for Plaintiff to file a Response up to and including May 9, 2012.  [#38].  To date, Plaintiff has not responded to the Motion.

Dismissal of Plaintiff's case may be appropriate based on Plaintiff's failure to comply with the Court's establishment of a deadline for Plaintiff to file his Response.  *See* Fed. R. Civ. P. 41(b).  While some district court local rules within the Tenth Circuit authorize dismissal based solely on a failure to respond, the District of Colorado's Civil Local Rules do not specify that failure to respond to a motion may be deemed as consent to its entry.

*See, e.g.*, D.C. Kan. L. Civ. R. 7.4.  In any event, when dealing with a *pro se* plaintiff, the Tenth Circuit has stated its preference for resolution of the substance of a motion to dismiss despite the *pro se* plaintiff's failure to respond.  *Persik v. Manpower, Inc.*, 85 F. App'x 127, 130 (10th Cir. 2003) (unpublished decision).  Given the judicial system's strong preference for resolving cases on their merits, the Court considers the Motion on its merits.

## II. Analysis

As a preliminary matter, the Court recognizes that it must construe Plaintiff's filings liberally, because Plaintiff is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be Plaintiff's advocate, nor should the Court "supply additional factual allegations to round out [Plaintiff's] complaint or construct a legal theory on [his] behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, Plaintiff must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

As further explained below, the Court finds that Plaintiff's claims against the state agencies and the individually-named Defendants in their official capacities are precluded by Eleventh Amendment immunity, and his claims against the individually-named Defendants in their individual capacities are barred by absolute judicial immunity. Because the Court recommends dismissal of Plaintiff's claims against Defendants on the grounds of Eleventh Amendment and judicial immunity, the Court declines to adjudicate Defendants' additional arguments as to personal jurisdiction or the *Rooker-Feldman* or *Younger* abstention doctrines.

A.     **State Agencies: Eleventh Amendment Immunity**

"It is well established that under the Eleventh Amendment, sovereign immunity prohibits federal courts from entertaining suits against states brought by their own citizens or citizens of another state without their consent." *Hunt v. Colo. Dep't of Corr.*, 271 F. App'x 778, 780 (10th Cir. 2008) (citation omitted). The Eleventh Amendment protections extend "to state agencies functioning as an arm of the state." *Id.* (citation omitted). Eleventh Amendment immunity may be waived, by an Act of Congress, or by a state, "through a clear expression of its intent to waive." *Id.* at 780-81.

The enactment of Sections 1981, 1983, 1985, and 1986 of 42 U.S.C. did not abrogate Eleventh Amendment immunity. *Patillo v. Larned State Hosp.*, No. 11-3184, 2012 WL 256023, at *2 (10th Cir. 2012) (citation omitted). Further, "[t]he State of New Jersey has not waived its sovereign immunity with respect to § 1983 claims in federal court." *Mierzwa v. United States*, 282 F. App'x 973, 976 (3d Cir. 2008) (citation omitted). Thus, Plaintiff's claims against Defendants Department of Labor and Workforce Development Division of Workers Compensation and Office of Special Compensations Funds (Second Injury Fund) are barred as a matter of law. The Court recommends that Defendants' Motion to Dismiss be granted to the extent that Plaintiff's claims against Defendants Department of Labor and Workforce Development Division of Workers Compensation and Office of Special Compensations Funds (Second Injury Fund) be dismissed without prejudice, and that these Defendants be dropped from the lawsuit for lack of subject matter jurisdiction. *See Schrader v. Richardson*, No. 11-2191, 2012 WL 266933, at *2 (10th Cir. 2012) (citation omitted) (dismissal based on Eleventh Amendment immunity is without prejudice).

**B.      Official Capacity Claims: Eleventh Amendment Immunity**

Plaintiff does not identify whether he sues Defendants Calderone and Henson in their individual or official capacities.  To the extent that Plaintiff sues Defendants Calderone and Henson in their official capacities, "[s]uits against state officials in their official capacit[ies] should be treated as suits against the state."  *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *see also Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994) (stating that state officers sued in their official capacity are not "persons" subject to suit under 42 U.S.C. § 1983).  Thus, pursuant to the Eleventh Amendment, the Court lacks subject-matter jurisdiction to adjudicate an action brought by a citizen of a state against the state itself, its agencies, or its officials in their official capacities.  *See Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).

Further, Eleventh Amendment immunity bars claims against individuals sued in their official capacities "for money damages and relief for prior acts."  *See Hunt*, 271 F. App'x at 781.  As stated, Plaintiff requests only monetary damages as relief.  *See* [#30] at 12-13.  Therefore, the Court recommends that Defendants' Motion be granted to the extent that Plaintiff's claims against Defendants Calderone and Henson in their official capacities be dismissed without prejudice for lack of subject matter jurisdiction on the basis of Eleventh Amendment immunity.

**C.      Individual Capacity Claims: Judicial Immunity**

Regarding Plaintiff's claims against Defendants Calderone and Henson in their individual capacities, Plaintiff clearly states that he sues these Defendants for their conduct while presiding over his workers' compensation claims.  [#30] at 5 (Defendant Henson "presided over Plaintiff's Worker's Compensation and Second Injury Fund cases for more

than 8 years"; Defendant Calderone "presided over the Plaintiff's Worker's Compensation and Second Injury Fund cases for more than three years"); 9 (Defendants violated judicial misconduct rules by ignoring "the laws and rules of New Jersey"). Accordingly, Defendants raise "absolute quasi-judicial immunity" as a complete bar to Plaintiff's claims against Defendants Calderone and Henson. [#33] at 7. Defendants rely on the Supreme Court's determinations in *Butz v. Economou*, 438 U.S. 478 (1979) and the Tenth Circuit's conclusions in *Lentsch v. Marshall*, 741 F.2d 301, 304 (10th Cir. 1984) in support of their position. *Id.* at 8-9.

The principles of judicial and quasi-judicial immunity apply to individual-capacity claims. *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d1140, 1156 (10th Cir. 2011) (citation omitted). "[A]bsolute immunity is necessary so that judges can perform their functions without harassment or intimidation." *Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986). Absolute judicial immunity extends to "persons performing similar functions in administrative adjudicative proceedings." *Lentsch*, 741 F.2d at 304 (citing *Butz*, 438 U.S. at 512).

The facts at issue are nearly identical to those adjudicated by the Ninth Circuit in *Jones v. Volchok*, 930 F.2d 27, 1991 WL 52687 (9th Cir. 1991) (unpublished). In *Jones*, the plaintiff filed a Section 1983 lawsuit against the workers' compensation judge who presided over his workers' compensation claim, and asserted that the judge violated his civil rights by denying his workers' compensation claim. 1991 WL 52687 at *1. The Ninth Circuit found that "the defendant's actions were indisputably 'judicial' in nature," and as the plaintiff challenged "only the propriety of the judge's actions in rendering a decision on the merits of plaintiff's claim," judicial immunity provided a complete bar to the lawsuit. *Id.* at

*1-2.

Here, like *Jones*, Plaintiff's claims against Defendants Calderone and Henson arise from these Defendants' judicial acts performed in their capacities as New Jersey workers' compensation judges. *See* [#30]. Also similar to *Jones*, the Court does not perceive any issue regarding whether Defendants Calderone and Henson acted "in the clear absence of all jurisdiction." *See* 1991 WL 52687 at *2. Plaintiff describes the cases he filed in the "New Jersey Division of Workers Compensation" throughout his Amended Complaint, and it appears undisputed in the Third Circuit that the New Jersey Division of Workers' Compensation has jurisdiction over claims for workers' compensation benefits. *E.g.*, *Wallace v. United Parcel Serv.*, 387 F. App'x 127, 2010 WL 2825629 (3d Cir. 2010); *Hogg's v. New Jersey*, 352 F. App'x 625, 2009 WL 2873251 (3d Cir. 2009). Therefore, the Court recommends that Defendants' Motion be granted to the extent that Plaintiff's claims against Defendants Calderone and Henson in their individual capacities be dismissed with prejudice on the basis of absolute judicial immunity. *See Mehdipour v. Matthews*, 386 F. App'x 775, 778 (10th Cir. 2010) (affirming trial court's dismissal of claims with prejudice on the basis of judicial immunity).

### III. Conclusion

IT IS RESPECTFULLY **RECOMMENDED** that Defendants' Motion to Dismiss Amended Complaint [#33] be **GRANTED** as follows:

Plaintiff's claims against Defendants Department of Labor and Workforce Development Division of Workers Compensation and Office of Special Compensations Funds (Second Injury Fund) be **dismissed without prejudice** for lack of subject matter

jurisdiction on the basis of Eleventh Amendment immunity;

Plaintiff's claims against Defendants Calderone and Henson in their official capacities be **dismissed without prejudice** for lack of subject matter jurisdiction on the basis of Eleventh Amendment immunity; and

Plaintiff's claims against Defendants Calderone and Henson in their individual capacities be **dismissed with prejudice** on the basis of absolute judicial immunity.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 31, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge